NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1839

_____

RAMON NOEL LEON-BAUTE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of a
Decision and Order of the Board of
Immigration Appeals
BIA Number A 74-023-677
Honorable Annie S. Garcy, Immigration Judge

_____

Submitted under Third Circuit LAR 34.1(a)
June 25, 2010

BEFORE: SMITH, FISHER, and GREENBERG, Circuit Judges

(Filed: June 30, 2010)

_____

OPINION OF THE COURT

_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on petitioner Ramon Leon-Baute's petition for review of a decision and order dated January 31, 2007, of the Board of Immigration Appeals ("BIA") vacating grants of asylum and of withholding of removal by an Immigration Judge ("IJ") in favor of petitioner. The BIA also ordered petitioner removed to Cuba. The IJ in two oral decisions on September 27, 2006, and the BIA in its decision set forth the facts of the case and thus we have no need to repeat them. The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15 and we have jurisdiction under 8 U.S.C. § 1252(a).[1]

In these proceedings the BIA's decision is "conclusive unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D). See Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). Factual findings supporting the BIA decision may be reversed only if not supported by substantial evidence. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). See also 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

In its decision the BIA explained with respect to petitioner's claim that:

[1]The Attorney General contends that inasmuch as "[p]etitioner is a criminal alien who was convicted for two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct" we lack jurisdiction over his petition for review. Respondent's br. at 2. He also contends that the petition was untimely under 8 U.S.C. § 1252(b)(1). We have considered these arguments but reject them and thus decide the case on the merits.

2

We agree with the [Department of Homeland Security] that the [petitioner] did not deserve a favorable exercise of discretion for purposes of asylum. We review this issue de novo. See 8 C.F.R. § 1003.1(d)(3)(ii). The [petitioner] has a long criminal history which includes at least ten convictions for shoplifting, two for burglary, and one each for felony joy riding, hindering apprehension, and possession of a hypodermic needle (see Exh. 9). In total, he has three felony convictions, and his last two convictions for burglary resulted in 5 year sentences, to run concurrently. The repeated nature of the crimes, and the [petitioner's] significant criminal sentence for the burglary crimes, evidences a history which cannot be easily overlooked. The [petitioner] has been incarcerated since 2002, and except for one infraction, has a good prison record. This is a favorable factor, but is of limited value when compared to the duration of his criminal activity which has dominated his time as a lawful resident in this country. Further, the [petitioner] has no significant history of employment, and did not establish that his physical disability, for which he apparently received Social Security Income, completely precluded any form of meaningful employment. The fact that his mother now resides in the United States is significant, but on the whole, the [petitioner] did not present evidence of extensive family ties to this country. When considering all of the relevant factors, including the difficulties he will face upon return to Cuba, we determine that a favorable exercise of discretion is not warranted and the grant of asylum should be vacated.

App. at 5. The BIA then held that petitioner had not established that it was "more likely than not that he will be subject to persecution [on the basis of an enumerated ground for the withholding of removal upon his] return to Cuba." Id. Finally the BIA explained why petitioner was not entitled to relief under the Convention Against Torture.

Exercising the appropriate standards of deferential review, we find no basis on which to grant the petition for review. Indeed, even if we reviewed this matter de novo our result would be the same. We think that the Attorney General's brief is accurate when it indicates that "petitioner is a career criminal in the United States whose escalating

3

crime spree ended only when he was finally put in jail." Respondent's br at 13. In the circumstances it would be unreasonable to reject the BIA's decision to the extent that it involved the exercise of discretion. Moreover, we are aware of no reason to reject that decision on a legal basis.

The petition for review of the decision and order of the BIA of January 31, 2007, will be denied. The Court notes that the Clerk of this Court entered an order on July 23, 2007, appointing Joseph Leibowicz, Esq. and S. Mahmood Ahmad, Esq. as counsel for petitioner and further notes that Sved D. Ali, Esq. and Donna L. Wilson, Esq. also participated on petitioner's behalf in these proceedings. The Court thanks these attorneys and expresses its appreciation to them for their service.